Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 201 | DATE | 7/13/2001 |
| CASE TITLE | Travis Bender vs. Marylin Coutee, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In sum, Bender is currently barred from advancing his Section 1983 contention that his constitutional rights were violated by the asserted procedural defects in his administrative hearing. Both the First Amended Complaint and this action must be and are dismissed without prejudice on the ground that they are unripe.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 13 2001 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 7/13/2001 | |
| | | 01 JUL 13 PM 1:39 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAVIS BENDER, )
)
Plaintiff, )
)
v. ) No. 01 C 201
)
MARYLIN COUTEE, et al., )
)
Defendants. )

**DOCKETED**

MEMORANDUM OPINION AND ORDER

**JUL 1 3 2001**

Travis Bender ("Bender") has sued several members of the Illinois Department of Corrections ("Department") pursuant to 42 U.S.C. §1983 ("Section 1983"), asserting that they violated his Fourteenth Amendment due process rights in connection with a disciplinary hearing that resulted in (1) the revocation of one year's good time credit, (2) a one year term in segregation, (3) demotion to grade C for one year and (4) revocation of his pre-release contract. After this Court appointed counsel to represent Bender (who originally sued pro se) on a pro bono publico basis, defendants moved under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss the First Amended Complaint ("FAC") submitted by appointed counsel on Bender's behalf.

Although this Court has set a schedule for Bender's counsel to respond to the current motion, it turns out that controlling authority compels the conclusion that Bender's claim is not now cognizable under Section 1983 in any event, a determination that cannot be altered by anything Bender can advance in response to

15

defendants' motion. Hence this Court dismisses both the FAC and this action without waiting on the scheduled response.[1]

## Factual Background[2]

On March 26, 2000 Bender was a participant in a pre-release program under which he was living at his father's home and working at a McDonald's restaurant (¶5). On that evening Special Intensive Supervision Unit agent Connie Johnson issued an "Escape/Arrest Report" that accused Bender of being absent without authorization, and that report resulted in a warrant being issued for Bender's arrest (¶7). On the following day a Disciplinary Report was issued accusing Bender of escape and unauthorized movement, and Bender's supervision under the pre-release program was then changed from a home monitoring system to telephone supervision (¶¶9, 10).

On April 17 Bender went to the Oak Park police station to inquire why he had not received any communication from Department (¶11). At that time Bender first learned of the arrest warrant, and he was immediately arrested and taken into Department's

---

[1] If Bender's appointed counsel nevertheless views the result here--which this Court sees as mandated by direct and definitive Supreme Court precedent--as somehow flawed, this Court will not apply the demanding standard set by such cases as Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) in reviewing any resulting motion for reconsideration.

[2] Because for Rule 12(b)(6) purposes this opinion must credit Bender's allegations as true, the facts are taken from Bender's FAC, cited simply "¶--."

custody (id.). Initially Bender was placed in the general population at Menard Correctional Center (where he is still in custody)(¶12). Several days later he was given a copy of the March 27 Disciplinary Report, and he was transferred to segregation until his hearing before the prison Adjustment Committee on that report (id.).

At the April 27 Adjustment Committee hearing, Bender was found guilty of the offense of escape but not guilty of the offense of unauthorized movement (¶13). That guilty finding on the escape charge resulted in the revocation of one year good time credit, a one year term in segregation, demotion to grade C for one year and revocation of Bender's pre-release contract (¶14), a punishment approved by Chief Administrative Officer Jim Albrurn (id.).

Bender then appealed to Department's Administrative Board of Review on the ground that his transfer to segregation before the hearing had prevented him from having an adequate opportunity to prepare his defense (¶15). On June 29 Administrative Review Board Chairperson Terri Anderson recommended that the appeal be denied (id.), and on July 11 Department Director Donald Snyder, Jr. approved that recommendation (¶16).

## Nonviability of This Action

Here Bender asserts that his transfer to segregation before the Adjustment Committee hearing prevented him from calling

witnesses for his defense and from otherwise preparing for the
hearing adequately, hence violating his Fourteenth Amendment due
process rights. On that ground he seeks (1) restoration of all
lost good time or good conduct credit, (2) expungement of his
record to remove the Disciplinary Report and all references
thereto, (3) restoration of his pre-release contract and (4)
damages. But the uniform caselaw from the highest judicial
authority establishes that Section 1983 does not afford such
relief.

As for Bender's prayer for restoration of good time credits,
Preiser v. Rodriquez, 411 U.S. 475, 500 (1973) teaches that the
sole federal court remedy for a state prisoner seeking such
restoration is a writ of habeas corpus--not Section 1983. And as
for Bender's prayer for damages, any effort to secure such relief
at this time runs head-on into another squarely applicable
Supreme Court decision: Edwards v. Balisok, 520 U.S. 641 (1997),
which extended to the prison disciplinary process the earlier
holding in Heck v. Humphrey, 512 U.S. 477, 487 (1994)(itself an
extension of Preiser).

Here as in Balisok Bender's claim that he was denied an
adequate opportunity to prepare a defense necessarily implicates
the claimed invalidity of the hearing and of the resulting
sanctions. And because Bender's punishment impacts the fact or
duration of his custody or both, the claim is not cognizable

under Section 1983 "unless and until the [discipline] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" (Heck, 512 U.S. at 489; and see, e.g., Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000)(per curiam), adhering to Preiser and Balisok). Finally, Bender's related prayers for expungement of the Disciplinary Report from his record and for restoration of his pre-release contract are also precluded at this time, for those remedies too can be available only if and when his loss of good time credits is invalidated.

In sum, Bender is currently barred from advancing his Section 1983 contention that his constitutional rights were violated by the asserted procedural defects in his administrative hearing. Both the FAC and this action must be and are dismissed without prejudice on the ground that they are unripe.[3]

                    /s/ Milton I. Shadur
                    Milton I. Shadur
                    Senior United States District Judge

Date: July 13, 2001

---

[3] Defendants' argument that Bender's FAC fails to state a due process claim because the decision of the Adjustment Committee is supported by "some evidence" in the record is off the mark. Because Bender is not attacking the judgment on sufficiency-of-the-evidence grounds, that argument is irrelevant (Edwards, 520 U.S. at 648; accord, Lusz v. Scott, 126 F.3d 1018, 1022 (7th Cir. 1997)).